**Mario Rene ALVARADO–MORALES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–70197.**

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted May 16, 2007.*

Filed June 13, 2007.

John Wolfgang Gehart, Esq., Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Anthony V. Teelucksingh, U.S. Dept of Justice, Criminal Division, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Mario Rene Alvarado–Morales, a native and citizen of Guatemala, petitions for review of the order of the Board of Immigration Appeals ("BIA") that affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir.2000), and we grant the petition for review in part, deny in part, and remand.

We conclude that the IJ's and BIA's determination that Alvarado–Morales failed to establish a well-founded fear of future persecution is not supported by substantial evidence in the record. Alvarado–Morales testified that a Guatemalan military intelligence unit killed his father and brother, and threatened him when he refused to reenlist in the Guatemalan army after being trained to serve in the same unit. He further testified that the unit was known to be involved in torture and murder during the Guatemalan civil war,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and the IJ and BIA determined that his testimony was credible. Accordingly, we grant the petition for review and remand to the BIA for further proceedings regarding Alvarado–Morales' eligibility for asylum and withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Substantial evidence supports the IJ's and BIA's decision that Alvarado–Morales has not shown that it is more likely than not that he would be tortured if he returns to Guatemala. *See Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003). Accordingly, we deny the petition with respect to the CAT claim.

We reject Alvarado–Morales' contention that the IJ and the BIA violated his due process rights. *See* 8 C.F.R. § 208.13(a).

**PETITION GRANTED in part, DENIED in part, and REMANDED.**